# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

April 13, 2023

**BY ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007



**MEMO ENDORSED**

RE:  **United States v. Daniel Zavala**
     **18 Cr. 735 (KPF)**

Dear Judge Failla:

    We write in the above-captioned matter to respectfully request the Court order early termination of Daniel Zavala's supervised release. Over the past 19 months, Mr. Zavala has complied with the conditions of supervised and made great strides in rehabilitation. This request is not opposed by the U.S. Attorney's Office nor the Probation Office for the Southern District of New York and the supervising Probation Office in the Central District of California.[1]

    Following Mr. Zavala's guilty plea to a narcotics conspiracy, on July 9, 2021, this Court imposed a sentence of time served followed by three years of supervised release, including six months of home detention. *See* Dkt. 81. This matter represents Mr. Zavala's first and only contact with the criminal justice system. Mr. Zavala has completed more than half—one year and seven months—of his supervised release sentence. In that time, he has been wholly compliant and proactive on supervision. Outside of his supervision, Mr. Zavala has continued to work toward a better future for himself and his wife. The statutory purposes of Mr. Zavala's supervision have been served. It is now appropriate for that supervision to be terminated.

---

[1] The Probation Office for the Southern District of New York takes no position and defers to the Office that has overseen substantially all of Mr. Zavala's supervision.

**The Court has authority to terminate Mr. Zavala's supervision.**

Upon consideration of the factors set out in 18 U.S.C. § 3553(a), the Court has authority to terminate supervision any time after the expiration of one year if termination is "warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e). Mr. Zavala has served more than one year of his supervised release; accordingly, the Court has statutory discretion to terminate his supervision.

**The purposes of Mr. Zavala's supervised release have been served.**

"Congress intended supervised release to assist individuals in their transition to community life. … Accordingly, [s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Burden, 860 F.3d 45, 56 (2d Cir. 2017) (quoting United States v. Johnson, 529 U.S. 53, 59 (2000)) (internal quotations omitted). See also United States v. Bethea, 5 Cr. 1234, 2015 WL 13776431, at *1 (S.D.N.Y. Dec. 7, 2015) (quoting United States v. Aldeen, 792 F.3d 247, 252 (2d Cir. 2015)) ("Supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation.").

Mr. Zavala was only briefly incarcerated at the outset of the case, but has since adapted successfully to life in the community, continuing the trajectory the Court recognized at his sentencing. *See* Dkt. 92 at 32:7–13. As the Court laid bare, "I've actually been thinking about this case since Mr. Zavala was granted bail, and that is because, in cases of this type, when one is on bail, there is a sense of which this can be viewed as [] a dress rehearsal or an audition for how one would be after sentencing. And so I've been watching and mindful of what Mr. Zavala has done while on pretrial release." Revealing that "[t]his is a case that I have spent many days thinking about, and it is more difficult than usual," the Court recognized "what appears to be aberrant nature of [Mr. Zavala's] conduct" and Mr. Zavala's "post-offense rehabilitation" when imposing a non-incarceratory sentence. *Id.* at 32:5–6 & 15–19. For good reason: Mr. Zavala has continued to thrive since he was first released on supervision. At the time of sentencing, Mr. Zavala was employed; now, has he maintained his employment and made substantial progress in a weekend vocational program for electrical wiring. At the time of his sentencing, Mr. Zavala was in a long-term relationship; now, the couple has married. He continues to live with his uncle, who this Court commended as having "done such a remarkable job in taking [Mr. Zavala] in," *id.* at 24:6–7, and continues to care for his young cousins.

Mr. Zavala currently works at the Amazon LAX9 warehouse in Fontana, California, where he is a manual laborer: moving boxes, wrapping packages, and generally working with his hands. He earns $18 per hour and works full-time. *See* Ex. A, Amazon Paystub. But Mr. Zavala has loftier career goals. On weekends, he attends RTC College in Jurupa Valley, where he studies electrical wiring. *See* Ex. B, RTC College Records. Mr. Zavala started the electrical wiring training program in the autumn of 2022, and he is just two months from completing his residential electrical technician training. Eight months after that, he will complete his commercial electrical technician training. Upon completion, he will be certified to work as an electrician, join the Electrical Workers' union, and take on higher-paid work.

2

Additionally, Mr. Zavala recently married his long-time girlfriend, whom Mr. Zavala "plan[ned] to marry" at the time of his sentencing nearly two years ago. Dkt. 92 at 25:1–2. Mr. Zavala and his wife were married in December of last year, on the Feast Day of Our Lady of Guadalupe. His wife is currently studying to become a cosmetologist. She lives with her parents, and Mr. Zavala is weighing moving into her parents' home. He has been in consistent and proactive contact with his Probation Officer before seriously considering the move.

**<u>Early termination of Mr. Zavala's supervision will serve the interests of justice.</u>**

At sentencing, the Court "feared … eroding the progress that Mr. Zavala has made while on pretrial release." *Id.* at 33:3–5. Mr. Zavala's progress has only accelerated since that time. He has maintained steady, full-time employment, been married, and completed a substantial portion of vocational training toward a more lucrative future job, and developed an impressive record of compliance with the conditions of release. As the government and probation agree, further supervision is unnecessary to achieve the aims of supervised release. Accordingly, we request that the Court terminate Mr. Zavala's supervised release.

Thank you for your consideration of this request.

Respectfully submitted,

/s/

Jake Gold
Marne L. Lenox, Esq.

*Counsel for Daniel Zavala*

cc: Justin Rodriguez, U.S. Attorney's Office

Application GRANTED.  The Court finds that the factors set forth in 18 U.S.C. § 3553 counsel in favor of terminating Mr. Zavala's term of supervised release early under 18 U.S.C. § 3583(e), and will do so under separate cover.  The Court wishes Mr. Zavala the best in his career and marriage, and looks forward to his continued progress in those endeavors.

The Clerk of Court is directed to terminate the pending motion at docket entry 94.

Dated:     April 13, 2023              SO ORDERED.
           New York, New York

                                       *signature: Katherine Polk Failla*

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE